THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**Carmen Vidal-Hallett,**
      **Plaintiff,**

vs.

**The School of the Art Institute of Chicago,**
      **Defendant.**

**JURY TRIAL DEMANDED**

# COMPLAINT

NOW COMES Plaintiff, CARMEN VIDAL-HALLETT, by and through her attorney Lisa M. Stauff, of the Law Offices of Lisa M. Stauff, and for her complaint against Defendant THE SCHOOL OF THE ART INSTITUTE OF CHICAGO, states as follows:

## NATURE OF THE CASE

1. This two-count action arises from an employment dispute. Plaintiff alleges unlawful discrimination on the basis of national origin in violation of the Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C.S §2000e-2(a)(1), and, unlawful retaliation for exercising rights protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. §2000e-3(a).

## THE PARTIES

2. Plaintiff, Carmen Vidal-Hallett, is a resident of Cook County, Illinois, and at all times relevant to this Complaint, was an employee of Defendant within the meanings of 42 U.S.C.S. § 2000e(f).

3. Defendant, The School of the Art Institute of Chicago ("SAIC"), is a private university associated with the Art Institute of Chicago, and at all times relevant to this Complaint, was an employer of Plaintiff within the meanings of 42 U.S.C.S. § 2000e(b).

## PROCEDURAL HISTORY

4. On June 26, 2018, Ms. Vidal Hallett, through counsel, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging unlawful discrimination on the basis of disability. *Attached as Exhibit A*.

5. On April 29, 2019, the EEOC issued a Notice of Right to Sue. *Attached as Exhibit B*.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C.S. §1391(b) because the unlawful employment practices alleged herein occurred in Cook County, Illinois, which is located within geographical area covered by the U.S. District Court of the Northern District of Illinois, Eastern Division.

## PLAINTIFF'S EMPLOYMENT WITH DEFENDANT

8. Ms. Vidal-Hallett has been an architect for over thirty years and is an International Associate of the American Institute of Architects ("AIA").

9. Defendant hired Ms. Vidal-Hallett on or about March 17, 2015 as a Project Manager for the Instructional Resources Facilities Management, Design and Construction Division.

10. Defendant tasked Ms. Vidal-Hallett with managing the design and construction of specific renovation projects at Defendant. This included renovations of the Residence Hall, various classrooms, and administrative offices throughout campus.

11. At the beginning of Ms. Vidal-Hallett's employment, she reported to Ron Kirkpatrick, Executive Director of Design and Construction.

12. In November 2017, Mr. Kirkpatrick was replaced by Chiaka Patterson.

13. While Mr. Kirkpatrick was Ms. Vidal-Hallett's supervisor, Ms. Vidal-Hallett was not disciplined or counseled for unsatisfactory job performance.

14. From November 2017 to March 14, 2018, Ms. Patterson expressed no dissatisfaction with Ms. Vidal-Hallett's job performance.

15. On or about March 14, 2018, Ms. Patterson presented Ms. Vidal-Hallett with a written 60-day Performance Improvement Plan ("PIP").

16. The PIP was a complete surprise. Up to this point, Ms. Vidal-Hallett had no indication from Ms. Patterson or anyone else that she was performing her job inadequately.

17. Ms. Patterson explained that Ms. Vidal-Hallett would be evaluated every two weeks to see if her job performance improved.

18. At these subsequent evaluation meetings, Ms. Vidal-Hallett was told that she was continuing to fail, even though at weekly project meetings, Ms. Patterson and others recognized that Ms. Vidal-Hallett's projects were going well because of the work Ms. Vidal-Hallett was doing.

19. On or about April 26, 2018, Ms. Vidal-Hallett was given the opportunity to resign and was offered a severance package.

20. While Ms. Vidal-Hallett was trying to decide whether to resign and take the severance package, Defendant terminated her employment and forbade her from being on campus.

21. Shortly after the termination, Defendant remotely erased Ms. Vidal-Hallett's work-issued laptop.

22. In the process of doing so, Defendant also removed personal documents and projects from Ms. Vidal-Hallett's personal external hard drive.

23. As a result of her termination, Ms. Vidal-Hallett suffered a lost of wages and benefits, including tuition remission for Ms. Vidal-Hallett's daughter, who was a full-time college student at Defendant.

24. Ms. Vidal-Hallett also lost personal documents and projects, suffered extreme emotional distress and embarrassment, and suffered other damages, as a result of her termination.

## **COUNT I: Discrimination, Title VII of the Civil Rights Act of 1964, as amended**

25. Ms. Vidal-Hallett is perceived as Hispanic because of her Brazilian and Spanish heritage.

26. Ms. Vidal-Hallett has lived and worked as an architect in the United States for almost 30 years. She speaks English fluently, albeit with a slight accent.

27. From the time of hire until her termination, Ms. Vidal-Hallett performed her job duties at or above her employer's reasonable expectations.

28. Between March 14, 2018 and her termination, Ms. Vidal-Hallett's English proficiency was criticized or questioned by her supervisors. This was the first time in her career, which has included extensive writing and presenting in English, that this had ever been suggested as an area of improvement.

29. Ms. Vidal-Hallett's accent and her status as a non-native English-speaker, was a motivating factor in discriminatory treatment against her by Defendant.

30. Defendant's employees who speak English as their first language do not suffer adverse employment actions when they commit frequent spelling and/or grammar errors.

31. Defendant's stated reasons for Ms. Vidal-Hallett's termination are untrue and/or are not terminable offenses when committed by someone who is a native speaker of the English language. Rather, these stated reasons are pretext for unlawful discrimination.

32. As a result of Defendant's discrimination, Ms. Vidal-Hallett suffered lost wages and benefits, and suffered extreme emotional distress and embarrassment.

**Wherefore,** Plaintiff prays that this Court grant judgment in her favor, and specifically:

    a. Grant her such relief as is appropriate under the provisions of Title VII of the Civil Rights Act of 1964, as amended*;*

    b. Issue an injunction to permanently restrain and enjoin defendant and its agents, employees, and administrators from discriminating against Plaintiff and any other

employee who are perceived as Hispanic and/or who are not native speakers of the English language;

c. Make her whole for the damages and financial losses suffered, including punitive and compensatory damages;

d. Award all costs and attorney's fees incurred in the bringing of this action; and

e. Award any other relief as is fair and equitable.

## COUNT II: Retaliation for Protected Activity, Title VII of the Civil Rights Act of 1964

33. Plaintiff restates and realleges paragraph 1 through 24, as stated herein.
34. Ms. Vidal-Hallett is perceived as Hispanic because of her Brazilian and Spanish heritage.
35. Ms. Vidal-Hallett has lived and worked as an architect in the United States for almost 30 years. She speaks English fluently, albeit with a slight accent.
36. From the time of hire until her termination, Ms. Vidal-Hallett performed her job duties at or above her employer's reasonable expectations.
37. Between March 14, 2018 and her termination, Ms. Vidal-Hallett experienced multiple instances where her English proficiency was criticized or questioned by her supervisors.
38. Ms. Vidal-Hallett objected to this insult, and told her supervisors that these comments were discriminatory.
39. Ms. Vidal-Hallett sent surveys to her co-workers, in-house clients, and outside vendors to seek feedback on her job performance, which included communication skills.
40. When Ms. Vidal-Hallett's supervisor learned Ms. Vidal-Hallet was asking people to write letters and fill out surveys on her behalf, the supervisor forbade Ms. Vidal-Hallett from doing so in the future, and told Ms. Vidal-Hallett that she was not allowed to speak to anyone about the evaluation process.

41. The Director of Human Resources referenced Ms. Vidal-Hallett's discrimination claim when offering Ms. Vidal-Hallett a severance package in exchange for Ms. Vidal-Hallett's resignation, during the meeting described in Paragraph 20 above.
42. Others who did not allege discrimination against Defendant, and object to discriminatory behavior, were treated more favorably than Ms. Vidal-Hallett.
43. Objecting to discrimination and making complaints about discriminatory conduct is protected activity under Title VII of the Civil Rights Act of 1964, as amended.
44. Retaliating against employees for this conduct violates the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended.
45. Ms. Vidal-Hallett engaged in protected activity, and was terminated in part because of that protected activity.
46. As a result of Defendant's retaliatory conduct, Ms. Vidal-Hallett suffered lost wages and benefits, suffered extreme emotional distress and embarrassment, and suffered other damages.

**Wherefore,** Plaintiff prays that this Court grant judgment in her favor, and specifically:

a. Grant her such relief as is appropriate under the provisions of Title VII of the Civil Rights Act of 1964, as amended;
b. Issue an injunction to permanently restrain and enjoin defendant and its agents, employees, and administrators from retaliating against Plaintiff and any other employee who engage in protected activity;
c. Make her whole for the damages and financial losses suffered, including punitive and compensatory damages;
d. Award all costs and attorney's fees incurred in the bringing of this action; and
e. Award any other relief as is fair and equitable.

## **JURY TRIAL DEMANDED**

47. For all counts, Plaintiff requests a trial by a jury of her peers.

Respectfully submitted,
Plaintiff,
Carmen Vidal-Hallett,

By: _____
Plaintiff's Counsel

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036
LStauff@StauffLaw.com

7